# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4925 | **DATE** | 3/25/2004 |
| **CASE TITLE** | ROYAL TOWING, INC., et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted as to count II and denied as to the remaining counts, and plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 26 2004 date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAR 2 6 2004 date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROYAL TOWING, INC., an Illinois corporation, )
RICK GRAVES and CHRISTINE GRAVES, )
)
                Plaintiff, )
)
   vs. )   No. 03 C 4925
)
CITY OF HARVEY, a municipal corporation, )
HARVEY MAYOR ERIC J. KELLOGG, et al., )
)
                Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action against defendants seeking damages and injunctive relief after defendants stopped using Royal Towing (Royal) to perform work for the City of Harvey, Illinois. Plaintiffs subsequently filed a motion for a temporary restraining order and preliminary injunction. Defendants moved to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion is granted in part and denied in part, and plaintiffs' motion for injunctive relief is denied.

## BACKGROUND

For purposes of this motion the facts are taken from plaintiffs' complaint. Plaintiff Christine Graves is the owner of Royal and her husband, plaintiff Rick Graves, is the general manager and is responsible for most of the day-to-day operations. Rick's father, Nickolas Graves, was the mayor of Harvey until April 2003, at which time defendant Eric Kellogg was elected to that position. From December 2000 until April 2003, Royal was one of two towing companies on Harvey's roster list to be used for towing illegally parked vehicles. During the campaign leading up to the April 2003 election, plaintiffs actively supported Nickolas Graves'

candidacy. They claim that when Kellogg took office, defendants unconstitutionally retaliated against them for their political speech by dropping Royal from the roster list of towing companies.

Additionally, plaintiffs' business was located on property owned by the City. They allege that on April 10, 2003, again motivated by plaintiffs' political actions, defendants terminated the lease of that property and forced the plaintiffs to vacate the facility and relocate their business. Finally, plaintiffs claim that on April 16, 2002, Royal was called by the City to tow and store approximately 70 vehicles. These vehicles remained on plaintiffs' property until March 2, 2003. Plaintiffs submitted a bill to the City in the amount of $572,250 ($25 per day, per vehicle), but claim that they have yet to be paid and that no steps have been taken indicating that payment is forthcoming.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Plaintiffs' complaint consists of five counts. In count I, they allege that defendants violated their civil rights pursuant to 42 U.S.C. § 1983 by improperly retaliating against political speech protected by the First Amendment. In count II, plaintiffs claim that defendants violated section 1983 by depriving them of due process rights when they dropped

Royal from the roster list and replaced it with a towing company owned and managed by an African-American. In count III, they seek an injunction requiring them to be placed back on the roster list. In count IV, plaintiffs allege a breach of the contract to pay for towing and storage fees, and in count V they claim that defendants were unjustly enriched by their failure to pay. Plaintiffs also seek immediate injunctive relief requiring defendants to place them back on the roster list and give them a "fair share" of the towing duties for Harvey.

In O'Hare Truck Service, Inc. v. City of Northlake, 518 U.S. 712, 714-15 (1996), the Court determined that independent contractors are protected against discharge by government entities for their political beliefs. The plaintiff in that case was a towing company on the rotation list and believed that the relationship would continue indefinitely. *Id.* at 715. The City's policy was that companies were removed from that list only for cause. *Id.* Despite assurances that it was performing satisfactorily, the towing company was taken off the list after its owners refused to donate to the mayor's reelection campaign. *Id.* at 715-16. After the district court determined that the plaintiff was not protected from dismissal without a contract and dismissed the claim, the Supreme Court found that Elrod v. Burns, 427 U.S. 347 (1976) and Branti v. Finkel, 445 U.S. 507 (1980) applied to independent contractors, protecting them from retaliatory discharge. O'Hare, 518 U.S. at 720. While the City had the right to terminate the relationship without a reason, it did not have the power to impose conditions on expressing, or not expressing, political views. *Id.* at 725-26.

Plaintiffs' claim is nearly identical to that in O'Hare. Even without a binding oral or written contract that defined the duration of the relationship, plaintiffs may succeed as to count I if they can prove that the removal of Royal was retaliation for the political speech. While the new administration was free to amend or terminate its relationship with the plaintiffs' company, it did not have the right to condition the towing contracts on political

affiliation.

These constitutional protections also prevent defendants from terminating the lease agreement simply to retaliate for political speech. *See* Board of County Com'rs, Wabaunsee County, Kansas v. Umbehr, 518 U.S. 668, 673 (1996). In Wabaunsee, a companion case of O'Hare, the Court held that the government had no right to terminate a contract solely to retaliate for the exercise of First Amendment rights. *Id.* In doing so, it explicitly overruled Downtown Auto Parks, Inc. v. City of Milwaukee, 938 F.2d 705 (7th Cir. 1991), in which the Seventh Circuit had ruled that a plaintiff had no property right in a lease and was therefore not protected by section 1983 against an improper termination of that lease. Even though the lease in this case allowed Royal or the City to terminate with 30 days' notice, the defendants were not permitted to condition the renewal of the lease on political action.

Count II of the complaint, however, fails because plaintiffs fail to allege the existence of any substantive due process right. While the First Amendment protects them from politically-motivated retaliation, they had no protectable interest in their relationship with the City of Harvey or the lease of the property. Both relationships were terminable at-will and the plaintiffs (who do not even address this issue in their response brief) fail to plead any facts indicating that they had a reasonable expectation that the relationships would continue or that their interests were somehow protected by the Constitution.

In order to state a civil rights claim under section 1983, plaintiffs must allege that defendants were personally responsible for the constitutional deprivation. *See* Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). They may not rely on the doctrine of *respondeat superior*, but must allege personal involvement of each defendant. *Id.* While it is unclear what the role of each defendant was in the alleged retaliation, plaintiffs' complaint contains allegations that each of the defendants was personally involved and that the City is

liable because the retaliation amounts to an official policy of the City. *See* Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). While defendants may be able to prove a lack of requisite personal involvement, plaintiffs' allegations are sufficient to survive a 12(b)(6) motion.

Likewise, the allegations are sufficient at this time to overcome defendants' claims of qualified immunity. A municipal employee is shielded from liability unless the constitutional standards were clearly established at the time of the violation. Young v. Murphy, 90 F.3d 1225, 1234 (7th Cir. 1996). As stated above, O'Hare and Wabaunsee established, well before the alleged wrongdoing, that defendants could not condition the contracts on political expression. Also, while defendant Bettie Lewis may be able to prove that she is entitled to absolute immunity because she was simply carrying out her responsibilities as the City's counsel, the plaintiffs allege that she was involved in the decision-making process and played a role in retaliating against them.

Plaintiffs also state cognizable claims as to the alleged failure to pay the towing and storage fees. In their brief defendants do not dispute the substance of the allegations, but instead argue that they requested, but never received, necessary information from the plaintiffs relating to the payments. While they may in fact have good reasons for not yet having paid the bill, this is a factual dispute. Plaintiffs allege facts showing that defendants either breached a contract to pay or benefitted from the failure to pay, resulting in their unjust enrichment. *See* HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 678-79 (Ill. 1989).

Finally, while injunctive relief may eventually be proper, there is no reason to enter an order at this time requiring defendants to put Royal back on the roster list. A preliminary injunction should be issued only if plaintiffs would suffer irreparable harm without an

injunction; there is no adequate remedy at law; and there is some likelihood of success on the merits. Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 313-14 (7th Cir. 1994). It may be the case that putting Royal back on the list is the best way resolve this conflict. At this time, however, there is little threat of irreparable harm and damages will be available to cover any losses sustained by plaintiffs while the claims are pending. Moreover, crafting such an injunction at this time would be nearly impossible. Absent retaliatory motives, defendants would be free to reduce or even eliminate the amount of business given to Royal. Certainly, given the previously existing relationship between plaintiffs and Nickolas Graves, which may well have resulted in plaintiffs being favored over others, such a reduction is possible. As a result, we cannot now order the City of Harvey to use Royal for a certain number of towing contracts.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted as to count II and denied as to the remaining counts, and plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 25, 2004.