# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4925 | **DATE** | 9/16/2004 |
| **CASE TITLE** | ROYAL TOWING, INC., et al vs. CITY OF HARVEY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied, and plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 17 2004 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | SEP 17 2004 | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROYAL TOWING, INC., an Illinois )
corporation, RICK (RICKIE E.) )
GRAVES and CHRISTINE GRAVES, )
)
      Plaintiffs, )
)
vs. ) No. 03 C 4925
)
CITY OF HARVEY, a municipal )
corporation, et al., )
)
      Defendants. )

SEP 17 2004

## MEMORANDUM OPINION AND ORDER

This is the latest chapter in on-going litigation between plaintiffs and defendants. In their original complaint plaintiffs sought damages and injunctive relief after defendants ceased using Royal Towing (Royal) to perform work for the City of Harvey. Now plaintiff Rick Graves has added an additional count and new defendants. Plaintiff has also petitioned for injunctive relief related to that additional count. In his additional count, plaintiff requests on-the-record review and reversal of a decision made by the City of Harvey Police Pension Board (Board) in which the Board terminated plaintiff's pension benefits. Defendants moved to dismiss the additional count pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or (6). For the following reasons, defendants' motion to dismiss is denied, and plaintiff's motion for injunctive relief is denied.

## BACKGROUND

Plaintiffs originally filed a five-count complaint against defendant Eric Kellogg and corporation counsel and various aldermen of the City of Harvey. On March 25, 2004, this

court dismissed one of plaintiffs' counts and denied plaintiffs' motion for injunctive relief. In one of the remaining counts, Count I, plaintiffs allege that defendants violated their civil rights by retaliating against protected political speech. Specifically, plaintiffs contend that after they supported Harvey's former mayor (Nickolas Graves, father of plaintiff Rick Graves) during a failed reelection attempt, the new mayor, Eric Kellogg, and defendants retaliated against them by dropping Royal from a list of towing companies. Two state law claims related to defendants' alleged retaliation against Royal also remain.

On May 14, 2004, plaintiff Rick Graves filed an amended complaint, which included an additional count (Count VI), and named Eric Kellogg and members of the Board as defendants. Count VI is based on the following events, which are taken from plaintiff's complaint and accompanying motion. Beginning in 1992 and after suffering injuries while on duty as a police officer, plaintiff received a medical disability pension from the City of Harvey. In January 2004, after the election of Mayor Kellogg, the Board started to reevaluate plaintiff's disability. A physician selected by the Board evaluated plaintiff and recommended that plaintiff was no longer disabled. The Board held a hearing on April 5, 2004, and at that hearing plaintiff presented the medical reports of four physicians, who all found that plaintiff was disabled and recommended that he not return to unrestricted police duty. Ten days after the hearing plaintiff received a letter from the Board's attorney. That letter indicated that the Board found plaintiff was "no longer disabled and capable of returning to full and unrestricted police duty as of April 6, 2004." In accordance with that conclusion, the Board also terminated plaintiff's pension benefits.

## DISCUSSION

Defendants bring their motion to dismiss Count VI under Rules 12(b)(1) and/or (6).

However, they do not distinguish between the two rules. The challenge under Rule 12(b)(1) challenges this court's subject matter jurisdiction and therefore must be addressed first. *See* Freiburger v. Emery Air Charter, 795 F. Supp. 253, 256 (N.D. Ill. 1992) (citing Crawford v. United States, 796 F.2d 924, 928 (7th Cir. 1986)). The standard of review for a 12(b)(1) motion to dismiss depends on how defendant frames the motion. If the motion contends that the allegations of jurisdiction are facially insufficient to show jurisdiction, then the 12(b)(1) standard of review mirrors the standard applied for 12(b)(6) motions. But if the motion challenges the truth of the facts alleged, then the "court may look beyond the face of the plaintiff's complaint to resolve the factual dispute." Freiburger, 795 F. Supp. at 256-57. Because defendants challenge the sufficiency of plaintiff's complaint, we adopt the former standard of review and accept plaintiff's well-pleaded factual allegations and make all reasonable inferences in the plaintiff's favor. *See also* Transit Express, Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th Cir. 2001).

In Count VI, plaintiff asks this court to review and reverse the Board's decision because it was against the manifest weight of the evidence. Plaintiff also claims that he was denied a full and fair hearing because of the Board's ties to Mayor Kellogg. In essence, plaintiff alleges that the Board lacked independence and its decision was part of a pattern of retaliation against him for supporting the former mayor.

Defendants initially argue that this court lacks subject matter jurisdiction – that any action to review a final decision by an Illinois agency must be raised in an Illinois circuit court within 35 days from the agency's decision. After plaintiff cited City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997), in response to that argument, defendants prudently retreated from their position. In City of Chicago the Court determined

that federal district courts can exercise supplemental jurisdiction for claims requiring on-the-record review of state or local administrative decisions. *Id.* at 169. Defendants do not cite any cases that persuade us why City of Chicago does not apply to this case. Nor do they continue to argue that Illinois circuit courts have exclusive jurisdiction over all actions to review local administrative decisions.

Related to that argument is defendants' contention that the Rooker-Feldman doctrine and the Eleventh Amendment prevent this court from exercising jurisdiction. Count VI does not implicate the Eleventh Amendment – it requests review of a local administrative agency's decision and is not an action against a state. Similarly, the Rooker-Feldman doctrine does not apply to state administrative decisions. Van Harken v. City of Chicago, 103 F.3d 1346, 1348-49 (7th Cir. 1997).

City of Chicago authorizes federal district courts to hear an action for on-the-record review of a state administrative judgment, if there is supplemental jurisdiction; thus, the outcome here depends on whether this court may exercise supplemental jurisdiction. Plaintiff correctly invokes 28 U.S.C. § 1367(a) in his motion to amend his complaint. That section states: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The purpose of supplemental jurisdiction "is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking." City of Chicago, 522 U.S. at 167. Judicial power exists to hear both state and federal claims if the federal claim has substance sufficient to confer subject matter jurisdiction on the court and if the claims "derive from a common nucleus of operative fact." United Mine Workers of

America v. Gibbs, 383 U.S. 715, 725 (1966). Only a "loose factual connection" between the federal and state claims must exist. Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995). A court's decision concerning the exercise of supplemental jurisdiction is left to its discretion. Didzerekis v. Stewart, 41 F. Supp. 2d 840, 850 (N.D. Ill. 1999) (citing Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997)).

Plaintiff and defendants disagree as to how, if at all, Count VI connects to Count I, the remaining federal count. In order to determine if each count derives from the same operative facts, it is helpful to first identify the essential facts from each count. In paragraph 20 of Count I plaintiff claims that the defendants "discriminated against the plaintiffs based upon plaintiffs' political affiliation with the prior mayor and their political speech and activities in support of Mayor Graves' re-election, in violation of the First Amendment to the United States Constitution." In paragraph 5 of Count VI, plaintiff refers to "on-going animosity by Mayor Kellogg towards [him] due to [his] relationship to the past administration." In paragraph 4 of his motion to add Count VI, plaintiff writes that he believes that the termination of his pension benefits "is part of the ongoing retaliation of the defendants to harass and pressure the plaintiff because of his past political affiliation, association and speech." Thus, binding each claim to the other are claims of retaliation and enmity between the new Harvey administration and plaintiff.

Defendant downplays that common element and contends that Count I and Count VI do not share operative facts because they request different forms of relief. Merely looking at the form of the retaliation and the relief requested portrays two distinct claims. In Count I, the alleged retaliation was against Royal, the company that Graves managed, and plaintiffs seek damages. In Count VI, the retaliation was against Graves personally at a later time and

he seeks review and reversal of a local administrative decision. But dwelling on these differences overshadows the fact that allegations of political payback are present in each count. Further, for supplemental jurisdiction to exist, the state and federal claims need not repeat the same grounds for recovery: "Indeed, the supplemental claims may be separate claims or they may be different counts or grounds or theories in support of what is essentially a single claim, as long as the claim revolves around a central fact pattern." Lynam v. Foot First Podiatry Ctrs., P.C., 919 F. Supp. 1141, 1148 (N.D. Ill. 1996) (citing White v. County of Newberry, 985 F.2d 168 (4th Cir. 1993)). In this case the central fact pattern is that plaintiff supported the former mayor and then was punished by defendants for that support. The retaliatory motive from Count I is directly relevant to the termination of pension benefits in Count VI. Plaintiff's reference to ongoing animosity and retaliation explicitly echoes Count I's allegations and nothing in § 1367, nor in case law, requires plaintiff to reallege and repeat Count I.

Defendant is correct to point out that solely because Kellogg appointed members of the Board does not mean that the Board's decision was biased. Illinois law expressly requires the mayor to appoint two members of the board. *See* 40 ILCS 5/3-128. But Mayor Kellogg's statutory authority to appoint Board members does not mean that the members he appointed (or any other member of the Board) could not have been biased against plaintiff and rendered a decision that was against the manifest weight of the evidence.

Defendant also argues that the temporal relationship between Count I and Count VI is too distant, indicating a lack of commonality. Defendant asserts that events regarding Count I occurred between December 2000 through April 2003, but that events concerning Count VI occurred in April 2004. In response, plaintiff characterizes the Board's termination of his pension benefits as part of a pattern of retaliation. From plaintiff's standpoint, there is no

attenuated temporal relationship since both Count I and Count VI both derive from plaintiff's support of the former mayor. Further, the Board's termination of pension benefits began not in April 2004, but in January 2004, when the Board began to reevaluate plaintiff's disability.

None of the cases defendant cites establishes a concrete time period that must be met in order for claims to derive from a common nucleus of operative fact. In Murphy v. Village of Hoffman Estates, 959 F. Supp. 901 (N.D. Ill. 1997), the court exercised supplemental jurisdiction after a detailed analysis of post-termination retaliatory conduct in employment law. In Thomas v. Schwartz and Associates, 1996 U.S. Dist. LEXIS 7648, 1996 WL 277616 (N.D. Ill. 1996), the court looked closely at the claims and found that the state and federal claims derived from entirely different sets of facts and time frames. And in Freiburger, the temporal relationship between state and federal claims played a negligible role in the court's analysis. Instead of establishing a specific temporal relationship as a standard in a supplemental jurisdiction analysis, defendants' cases show that determining if federal and state claims derive from the same facts is a fact-sensitive inquiry. When there are allegations of an ongoing pattern of hostilities that occurs over a period of time, an extended temporal relationship is to be expected.

Both plaintiff and defendant dedicate the majority of their arguments to the issue of whether this court may exercise supplemental jurisdiction. Neither discusses what will happen *if* we exercise it. Plaintiff requests on-the-record review. The scope of review for an action appealing a final administrative decision is set forth in 735 ILCS 5/3-110:

> The hearing and determination shall extend to all questions of law and fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be

prima facie true and correct.

That deferential standard of review would preclude us from considering any evidence of bias, conflict of interest, or lack of independence, unless it appeared in the record. We would not consider the alleged retaliatory motive and ongoing animosity that links Count VI to Count I unless that motive appeared in the record. However, Illinois case law abounds with challenges to the agency decisions based on allegations of bias, animosity and lack of independence of a board or members of a board at a hearing. *See, e.g.,* Coyne v. Milan Police Pension Board, 347 Ill. App. 3d 713, 807 N.E.2d 1276, 283 Ill. Dec. 435 (Ill. App. 3d Dist. 2004); Sangirardi v. Village of Stickney, 342 Ill. App. 3d, 793 N.E.2d 787, 276 Ill. Dec. 28 (Ill. App. 1st Dist. 2003); Luchesi v. Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago, 333 Ill. App. 3d 543, 776 N.E.2d 703, 267 Ill. Dec. 331 (Ill. App. 1st Dist. 2002); Comito v. Police Board of Chicago, 317 Ill. App. 3d 677, 739 N.E.2d 942, 251 Ill. Dec. 9 (Ill. App. 1st Dist. 2000); Flaherty v. Retirement Board of the Policemen's Annuity and Benefit Fund, 311 Ill. App. 3d 62, 724 N.E.2d 145, 243 Ill. Dec. 836 (Ill. App. 1st Dist. 1999); Danko v. Board of Trustees of the City of Harvey Pension Board, 240 Ill. App. 3d 633, 608 N.E.2d 333, 181 Ill. Dec. 260 (Ill. App. 1st Dist. 1992); Carrao v. Board of Education, 46 Ill. App. 3d 33, 360 N.E.2d 536, 4 Ill. Dec. 600 (Ill. App. 1st Dist. 1977); Lloyd A. Fry Roofing Co. v. Pollution Control Board, 20 Ill. App. 3d 301, 314 N.E.2d 350 (Ill. App. 1st Dist. 1974). Thus, the standard of review does not prevent this court from considering plaintiff's allegations of the Board's bias and animosity toward him.

Count I and Count VI each share allegations of retaliation, and since retaliation is an operative fact in each count, those counts derive from a common nucleus of operative facts and we may exercise supplemental jurisdiction. But because supplemental jurisdiction is not a

plaintiff's right and is instead a doctrine of discretion, we may decline to exercise it here. <u>City of Chicago</u> instructs that district courts considering whether to exercise supplemental jurisdiction should do so "in the manner that best serves the principles of economy, convenience, fairness, and comity." <u>City of Chicago</u>, 522 U.S. at 172-173 (quoting <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 357 (1988)). As <u>City of Chicago</u> observes, § 1367(c) codifies those principles in a list of four circumstances. Defendants argue that two of those circumstances apply here. They first contend that the court should decline jurisdiction under § 1367(c)(4), which provides that jurisdiction may be declined if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." <u>City of Chicago</u> indicates that a district court reviewing the record of a local administrative agency is not so exceptional as to require that court to decline to exercise jurisdiction. Defendants' argument on this point is also linked to their now abandoned belief that "state law expressly requires that administrative review of a [Board] decision," a linkage that undermines their position. Defendants also cite § 1367(c)(2) as grounds for declining jurisdiction. That provision states that a district court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." That provision does not apply in this case. State law claims "substantially predominate" when the claims based on federal law depend on the outcome of those based on state law or when the "sheer number of state law claims warrant their dismissal." <u>Gilbert v. Robb</u>, 1997 U.S. Dist. LEXIS 4008 (N.D. Ill. 1997). Plaintiff's § 1983 claim in Count I does not depend on the outcome of his administrative review claim; nor does that state law claim overwhelm the federal claim.

We are conscious of the comity concerns that are present in this case. But on-the-record

review of the Board's decision does not so offend those concerns as to warrant declining supplemental jurisdiction. City of Chicago expressly permits this type of "cross-system appeal." Also, plaintiff filed his action for review within the 35-day limit as required by Illinois law. *See* 735 ILCS 5/3-103. In Almanza v. Town of Cicero, 244 F. Supp. 2d 913 (N.D. Ill. 2003), this court was presented with a request for administrative review of a disorderly conduct conviction. That request was filed long after 35 days had passed, which led this court to observe that "an extended limitations period does violence to Illinois law." *Id.* at 915. Here, no such violence is threatened. Additionally, we already have two claims based on state law before us. There are no concurrent state proceedings, but declining supplemental jurisdiction would potentially create a concurrent state proceeding. In this vein, it would not serve judicial economy to deny supplemental jurisdiction and encourage plaintiff to begin litigating in another forum. Neither Burford nor Pullman abstention is appropriate here because there is no unsettled question of state law, no specialized tribunal dedicated to appeals from Board decisions, and no federal constitutional claim presented in plaintiff's request for on-the-record review. *See* International College of Surgeons v. City of Chicago, 153 F.3d 356, 360-66 (7th Cir. 1998). While the unique facts presented here may touch the outer limits of supplemental jurisdiction, they do not stray beyond those boundaries and do not persuade this court that supplemental jurisdiction should not be exercised. Defendants' motion to dismiss under Rule 12(b)(1) is denied.

In deciding a Rule 12(b)(6) motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears beyond doubt that there are no facts that would entitle plaintiff to relief.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff alleges that he was denied a full and fair hearing and that the Board's decision was against the manifest weight of the evidence. That claim exists in front of a backdrop of allegations of retribution against protected political speech. An administrative hearing marred by partial rulings on evidence denies a fair hearing. Sangirardi, 793 N.E.2d at 795. And "the decision of an administrative agency will be set aside if the prejudice or bias of a hearing officer results in an unfair hearing." Lloyd A. Fry Roofing Co., 314 N.E.2d at 358. Plaintiff's allegations are thus sufficient to survive defendants' motion to dismiss under Rule 12(b)(6), which is denied.

Defendants also move to dismiss Eric Kellogg as a defendant because he "is not a member of the Harvey Police Pension Board." That standard is incorrect. The proper standard appears in 735 ILCS 5/3-107. Under that statute, in actions to review final administrative agency decisions, "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." Because the record is not before this court, we cannot determine who was a party of record and defendants' motion to dismiss Eric Kellogg as a defendant is denied.

Plaintiff also seeks a temporary restraining order and a preliminary injunction enjoining the Board from terminating his disability benefits and enjoining the City of Harvey from activating him to active duty status. To obtain a preliminary injunction, the moving party must "demonstrate a likelihood of success on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm if the relief is not granted." Promatek Indus., Ltd. v. Equitrac Corp., 300 F.3d 808, 811 (7th Cir. 2002). If the moving party demonstrates these elements, "the court must balance the irreparable harm the nonmovant will suffer if relief is

granted and the irreparable harm to the movant if relief is denied." <u>Ind. Civ. Liberties Union v. O'Bannon</u>, 259 F.3d 766, 770 (7th Cir. 2001).

At this point it is impossible to conclude that the Board's decision was against the manifest weight of the evidence because the record of the hearing is not before us. The mere fact that reports opining that plaintiff was disabled outnumbered the report that concluded to the contrary does not conclusively seal victory for plaintiff. *See* <u>Trettenero v. Police Pension Fund</u>, 333 Ill. App. 3d 792, 776 N.E.2d 840, 848, 267 Ill. Dec. 468 (Ill. App. 2d Dist. 2002) (observing that three medical certifications of disability are required to prove disability status, but only one medical examination is needed to confirm termination of disability). With respect to the pension benefits, plaintiff also fails to demonstrate that there is no adequate remedy at law. What plaintiff seeks here is money. Since plaintiff's injury is pecuniary, an adequate remedy at law may be created. Further, plaintiff does not demonstrate irreparable harm. He fails to show that he depended on the pension benefits for the necessities of life and admits that he does not live in poverty, factors that could indicate that the loss of a stream of income is truly irreparable harm.

Plaintiff also requests that this court enjoin the City of Harvey from activating him to unrestricted police duty status. It is not clear how the City of Harvey could force plaintiff to work, particularly when review of the Board's decision is currently before this court. Injunctive relief is not necessary to keep plaintiff from returning to active duty.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied, and plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

                                                                            */s/ James B. Moran*  
                                                                              **JAMES B. MORAN**  
                                                                  Senior Judge, U. S. District Court

*Sept. 15*, 2004.