IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYAL TOWING, INC., an Illinois corporation, RICK GRAVES and CHRISTINE GRAVES, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF HARVEY, a municipal corporation, et al., <br><br> Defendants. | No. 03 C 4925 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rick Graves moves for clarification under Federal Rule of Civil Procedure 60(b) of our Memorandum Opinion and Order dated June 24, 2005. Royal Towing, Inc. v. City of Harvey, 2005 WL 15631198 at *1 (N.D.Ill. 2005). In that order we denied the parties' cross motions for summary judgment on plaintiff's claim for administrative review of the Harvey Police Pension Board's termination of his disability benefits. Under the Illinois Administrative Review Act, a reviewing court may only reverse a pension board's factual findings if they are against the manifest weight of the record. 735 ILCS 5/3-110; see International College of Surgeons v. City of Chicago, 153 F.3d 356, 364-65 (7th Cir. 1998). After analyzing the record we determined that we could not conduct a meaningful review of the Board's findings in light of its failure to explain the reasoning for its decision. We remanded the case to the Board for "further proceedings."

Plaintiff recently learned that pursuant to our order the Pension Board now intends to reconvene the hearing on plaintiff's disability status and take testimony from at least one

doctor who examined him. Plaintiff argues that the Board should not be able to supplement the record with more evidence, but rather should be limited to explaining its decision based on the record that exists. Contrary to plaintiff's contention, we did not intend the Board's "further proceedings" to be limited to the issuance of a more detailed decision terminating plaintiff's benefits. Upon remand, the Board is free to reassess the evidence on record and its ultimate decision. In that process it may determine that it needs more evidence in order to issue a sound opinion with an articulable basis. Thus, the Board may reconvene the hearing and supplement the evidentiary record.

Plaintiff's motion appears born out of a concern that the Board intends to call only one additional witness to testify, Dr. Mercier, the lone doctor of five, who believes plaintiff is able to perform unrestricted police work. Plaintiff implies that Dr. Mercier's testimony before the Board will provide it with a justification for valuing his opinion over the opinions of the other doctors. We simply note that, were this the case, the Board's failure to hear testimony from the other four doctors would weigh against the reasonableness of its reliance on Dr. Mercier's minority opinion.

## CONCLUSION

In its further proceedings on remand, the Harvey Police Pension Board may supplement the record concerning plaintiff's eligibility for disability benefits.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 12, 2005.